UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| PETROHUNTER ENERGY CORPORATION | ) | Case No. 16-20197 KHT |
| EIN: XX-XXX1245 | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |

**MOTION TO SELL ESTATE'S INTEREST IN CERTAIN PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES WITH VALID AND PERFECTED LIENS TO ATTACH TO THE PROCEEDS FROM THE SALE OF SUCH PERSONAL PROPERTY**

      Chapter 7 Trustee, Jeffrey L. Hill ("Trustee"), through his counsel Weinman & Associates, P.C., moves this Court for an Order pursuant to 11 U.S.C. §363(f), Rule 6004 F.R.B.P. and L.R. 6004-1, authorizing him to sell certain personal property of the estate consisting of shares of stock free and clear of liens and encumbrances with valid and perfected liens to attach to the proceeds from such sale. In support thereof, the Trustee states as follows:

1. The Debtor, PetroHunter Energy Corporation ("Debtor") filed its voluntary Chapter 7 petition on October 17, 2016.

2. Jeffrey L. Hill is the duly appointed and acting Trustee of the Debtor's bankruptcy estate.

3. The assets of the estate include a 100% shareholder interest in the stock of Sweetpea Petroleum Pty, Ltd., an Australian company ("Sweetpea"). Certain creditors claim to hold valid security interests secured by the Debtor's shares of stock in Sweetpea. The Trustee disputes these assertions, and has commenced an Adversary Proceeding in this Court to determine the validity, extent and priority of such alleged security interests.

4. As of December 3, 2018, Sweetpea held: (1) 62,043,500 shares of stock in Falcon Oil and Gas, Ltd., a Canadian company ("Falcon") valued at approximately $13,000,000 (USD); (2) cash and term deposits of approximately $_659,000 (USD)_as of December 26, 2018_; (3) an investment account valued at $5,230,000 (USD) as of November 30, 2018; (4) a brokerage account valued at $73,871 (USD) as of November 30, 2018; (5) a 50% ownership interest in two (2) exploration permits for oil and gas development; and, (6) a 100% interest in

an application for an exploration permit for oil and gas development. The two (2) permits and the permit application are presently undeveloped and are in the area known as Beetaloo Basin, Northern Territory, Australia.

5. The two (2) exploration permits in which Sweetpea owns a 50% interest are jointly owned with Paltar Petroleum Limited, an Australian company ("Paltar"). In July 2011, Sweetpea entered into a Joint Venture and Operating Agreement ("JVOA") with Paltar. Paltar is the operator of the JVOA. A dispute between and Paltar has arisen concerning the JVOA and other issues and litigation have commenced which is ongoing in Australia.

6. On January 11, 2019, the Debtor as Seller, and TS Capital Partners, LLC ("TS Capital") as Buyer, entered into a Purchase and Sale Agreement ("Agreement") whereby the Debtor has agreed to sell and TS Capital has agreed to purchase all of the Debtor's shares of stock in Sweetpea. A copy of the Agreement is attached hereto as Exhibit "A".

7. The value of the Sweetpea shares is equivalent to the net value of its underlying assets.

8. Pursuant to the terms of the Agreement, the consideration for the sale and purchase of the Debtor's stock in Sweetpea is:

(a) $500,000 cash (US);

(b) payment of the "Agreed Value" of the shares of stock owned by Sweetpea in Falcon. Agreed Value is defined to mean the average of the closing price for a Falcon share on the TSX (Toronto) Venture Exchange for the twenty (20) consecutive trading days ending on the trading day five (5) days prior to the closing date, or if such date is not a trading day, on the immediately preceding trading day multiplied by the number of shares held at closing;

(c) a grant of two percent (2%) overriding royalty interest ("ORRI") from Sweetpea to the bankruptcy estate after TS Capital has acquired the Debtor's stock in Sweetpea. Such interest shall entitle the estate to 2% of 8/8th of all hydrocarbons produced on lands located in the Northern Territory of Australia subject to the exploration permits and the exploration permit application, including the circumstances pursuant to which Debtor will resell these interests to TS Capital;

(d) payment in cash or in kind equal to the funds in Sweetpea's bank and brokerage accounts as of the date of the closing of the Agreement;

  (e)  the Agreement is subject to approval by the Court;

  (f)  closing on the sale of the Agreement shall be within five (5) days of the approval of the Court; and,

  (g)  an earnest money deposit of $50,000 (US) which, if the transaction closes shall be credited toward the $500,000.00 cash payment. In the event of the failure of the transaction to close, the earnest money deposit shall be returned to TS Capital.

9. The above represents a summary of the terms of the Agreement. Creditors and parties in interest should review the Agreement in its entirety for a complete understanding of its terms and conditions. In the event there is any inconsistency between the above summary and the actual Agreement, the terms of the Agreement shall control.

10. TS Capital is not acquiring the estate's interest in the JVOA or the exploration permits and application. Importantly, under the terms of the Agreement, TS Capital is indemnifying the estate as to all claims against Sweetpea. In the Australian litigation, Paltar is asserting a $60 million (AUS) claim which, if sustained, renders Sweetpea's interest in the JVOA potentially valueless. Not surprisingly, the litigation has chilled the interest of prospective purchasers of the JVOA. Attorney fees associated with the litigation are currently estimated at approximately $250,000 and could rise to a level of two to three times more before the litigation is resolved. As such, TS Capital's agreed indemnification inures greatly to the benefit of the estate. Based upon a recent appraisal dated September 14, 2018 prepared by Gustavson Associates, Boulder, Colorado, the Trustee believes the value of the JVOA to be between $975,000 and $1.64 million (US). This valuation does not consider the risks and burdens of the ongoing litigation between Sweetpea and Paltar.

11. The grant of the ORRI, while currently speculative, could prove to be of great value to the estate in the future. The Trustee anticipates that these interests will be monetized over a period of time. Accordingly, the Trustee will make interim distributions from cash on hand as such funds accumulate to avoid unnecessary delay in closing the bankruptcy estate.

12. The sale of the Debtor's personal property is a private sale and not a sale at auction. However, the sale of personal property has been extensively marketed in the United States, Australia and internationally. Sweetpea has engaged the services of two firms to engage in such efforts. Ocean Reach Advisory has marketed the property in Australia and the Far East, and Meagher Energy

Advisors has marketed the property in the United States and internationally. Indeed, the marketing effort has reached tens of thousands of prospective interested parties. After extensive marketing of the JVOA interest, to date, no offers have been received. The feedback from Sweetpea's experts indicates that the joint ownership with Paltar and the pending litigation between Sweetpea and Paltar are the primary reasons for no offers having been submitted.

13. The Trustee is selling the personal property free and clear of liens and encumbrances with valid and properly perfected liens, if any, to attach to the proceeds of the sale. Certain creditors of the estate have asserted purported liens and/or other encumbrances against the Debtor's stock in Sweetpea. The Trustee disputes such assertions and has commenced Adversary Proceeding Case Number 17-1337 KHT in the Bankruptcy Court to determine the extent, priority and validity of such liens and encumbrances. The Trustee has named the following as Defendants in the litigation: JTE Finanz AG, Wes-Tex Drilling Company, L.P.; El Oro Ltd.; David E. Brody; Renn Capital Group, Inc.; Renn Fund, Inc.; Renn Universal Growth Investment Trust, PLC; Global Project Finance AG; Wealth Preservation Defined Benefit Plan. The Trustee anticipates the value of the stock sale to be approximately $20 million with valid liens and/or encumbrances totaling approximately $1 million. A Motion for Summary Judgment has been filed by the Trustee.

14. TS Capital is purchasing the Debtor's personal property in good faith as provided for under 11 U.S.C. §363(m). TS Capital is not an insider of the Debtor and the parties to the Agreement have negotiated its terms in good faith and at arm's length.

15. The Trustee, based upon his sound exercise of his business judgment, is informed and believes the approval of the Agreement is in the best interest of the estate and the creditors of the estate. The Trustee previously received an offer to acquire the Sweetpea interests from Mark A. Bruner or parties related to or controlled by him. The offer contained similar terms as the current offer from TS Capital accepted by the Trustee. A key difference is TS Capital's agreement to indemnify the estate with respect to the Australian litigation with Paltar. The Trustee declined Mr. Bruner's offer in part, because acceptance of that offer would likely not end the litigation. Mr. Bruner, directly or indirectly, has been and is a party to extensive litigation including a number of cases alleging fraud. From the Trustee's perspective, reliance upon Mr. Bruner paying the estate in the future is imprudent. Indeed, it is Mr. Bruner who has instigated the current litigation by Paltar against Sweetpea as well as a failed and meritless Colorado action pre-petition against Debtor. In addition, Mr. Bruner has also filed a Motion to Convert the Chapter 7 case to a Chapter 11 case as a litigation tactic in a transparent effort to short-circuit the Australian litigation and to seize control of

the Sweetpea assets to the exclusion of the creditors of PetroHunter. The Trustee and other creditors have objected to the Motion because they feel that Mr. Bruner is seeking to acquire these assets for his benefit only and not for the benefit of the other creditors of this estate. A hearing on this matter is scheduled for April 30, 2019. If the proposed sale is approved, the result will be to moot the Conversion Motion, thus saving additional attorneys' fees and costs (already estimated at approximately $1/2 million) and resulting in more expeditious distributions to creditors, and a closing of the Chapter 7 case.

WHEREFORE, for reasons as set forth above, the Chapter 7 Trustee respectfully requests that the Court approve the Purchase and Sale Agreement for the sale of the estate's stock in Sweetpea, and for such further relief as is deemed appropriate by the Court.

DATED: January 15, 2019

Respectfully Submitted,

WEINMAN & ASSOCIATES, P.C.

By: /s/ Jeffrey A. Weinman
Jeffrey A. Weinman, #7605
730 17th Street, Suite 240
Denver, CO 80202-3506
Telephone: (303) 572-1010
Facsimile: (303) 572-1011
jweinman@weinmanpc.com

5

**9013-1 CERTIFICATE OF SERVICE OF MOTION, NOTICE AND PROPOSED ORDER**

The undersigned certifies that on January 15, 2019, I served by prepaid first class mail a copy of the **MOTION TO SELL ESTATE'S INTEREST IN CERTAIN PERSONAL PROPERTY FREE AND CLEAR OF LIENS AND ENCUMBRANCES WITH VALID AND PERFECTED LIENS TO ATTACH TO THE PROCEEDS FROM THE SALE OF SUCH PERSONAL PROPERTY**, notice and proposed order on all parties against whom relief is sought and those otherwise entitled to service pursuant to the FED.R.BANKR.P. and these L.B.R. at the following addresses:

U.S. Trustee
1961 Stout St.
Suite 12-200
Denver, CO 80294

Jeffrey Hill, Esq.
Chapter 7 Trustee
P.O. Box 1720
Parker, CO 80134

PetroHunter Energy Corporation
910 16th Street
Suite 208
Denver, CO 80202-2931

Alice A. White, Esq.
1801 Broadway
Suite 900
Denver, CO 80202

Barry Meinster, Esq.
Meinster & Associates, PC
PO Box 681
Conifer, CO 80433

Glenn W. Merrick, Esq.
G.W. Merrick & Associates, LLC
6300 S. Syracuse Way, Ste. 220
Centennial, CO 80111

Patrick D. Vellone, Esq.
Lance Henry, Esq.
Allen & Vellone, P.C.
1600 Stout Street, Suite 1100
Denver, CO 80202-3131

Timothy S. Bolding
President
CCES Piceance Partners I, LLC
6400 ECR 109
Midland, TX 79706

Matthew D. Skeen, Jr., Esq.
Skeen & Skeen, P.C.
217 E. 17th Ave.
Denver, CO 80203

John J. Kane, Esq.
Kane Russell Coleman Logan PC
1601 Elm Street
3700 Thanksgiving Tower
Dallas, TX 75201

Matthew R. Silverman
621 17th Street
Suite 2300
Denver, CO 80293

Charles S. Kelley, Esq.
Mayer Brown LLP
700 Louisiana St., Ste. 3400
Houston, TX 77002

/s/ Lisa R. Kraai

6