IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 16-20197 KHT |
| PETROHUNTER ENGERGY CORP., | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**OBJECTIONS TO "TRUSTEE'S MOTION FOR ORDER APPROVING RELEASE AND DELIVERY OF FALCON STOCK CERTIFICATAE TO TRUSTEE'S CUSTODY" AND REQUEST FOR HEARING THEREON**

Pursuant to L.B.R. 9013-1(b), Marc A. Bruner, in his individual capacity and as assignee of David E. Brody; MAB Resources, LLC; Bruner Family Trust; Bruner Family Trust II; Carmen Lotito; Laura M. Lotito; and BioFibre Technology International, Inc., all holders of claims and equity interests in the Debtor (collectively, the "Objectors"), through undersigned counsel, respectfully object to the "Trustee's Motion for Order Approving Release and Delivery of Falcon Stock Certificate to Trustee's Custody" (the "Trustee's Motion") [Dkt. No. 332], filed with the Court on April 4, 2019. As grounds for this objection, the Objectors respectfully advise the Court as follows:

1. Sweetpea Petroleum Pty Ltd. ("Sweetpea") and Computershare Trust Company of Canada, a Canadian company ("Computershare Canada") are parties to a July 17, 2013 Escrow Agreement (the "Escrow Agreement") attached to the Trustee's Motion under which Computershare Canada (as "Escrow Agent") holds one or more certificates evidencing shares in Falcon Oil & Gas, Ltd. ("Falcon") owned by Sweetpea.

2. This federal Bankruptcy Court is a court of limited jurisdiction that is prescribed and limited by federal statutory law. *In re Gardner v. United States*, 913 F.2d 1515, 1518 (10th Cir. 1990); *Love v. Barnes Banking Corp. (In re George Love Farming, LLC),* 2010 Bankr. LEXIS 629, *18 & n. 35 (10th Cir. BAP March 9, 2010). The United States Bankruptcy Courts have been judicious in not overreaching their statutory jurisdictional grants and declining to issue advisory opinions. *E.g., New Jersey, Dep't of Envt'l Prot. & Energy v. Heldor Indus.,* 989 F.2d 702, 707 & n. 8 (3d Cir. 1993). But that is what is requested in the Trustee's Motion.

3. Computershare Canada is not in bankruptcy proceedings and is not subject to the jurisdiction of this Court. The Trustee's Motion does not contain any clear consent by Computershare Canada to submit to the jurisdiction of this Court. Nor does the Trustee's Motion contain any clear agreement by Computershare Canada to be bound by any rulings or determinations by this Court.

4. Similarly, Sweetpea and Falcon are not in bankruptcy proceedings and are not subject to the jurisdiction of this Court in the captioned chapter 7 proceedings. The Trustee's Motion does not contain any clear agreement by Falcon to be bound by any rulings or determinations by this Court.

5. Section 14.6 of the Escrow Agreement confirms that it is governed by the laws of Ontario, Canada. Moreover, the parties to the Escrow Agreement consent to the jurisdiction of the courts of Ontario Canada in respect of matters relating to the Escrow Agreement.

6. This Court cannot decide – as the Trustee urges -- whether the release of stock certificate requested in the Trustee's Motion violates Section 7.2 of the Escrow Agreement. Addressing that point requires an interpretation of an Escrow Agreement governed by Canadian

law by a court of competent jurisdiction. It cannot be done by motion practice in this Court when all the parties to the Escrow Agreement are not before the Court.

7. Moreover, the Trustee's assertion in Paragraph 9 of the Trustee's Motion notwithstanding this Court has not determined that Sweetpea is not the Debtor's alter ego. Rather, the Court has ruled on a preliminary basis that Objectors had not established alter ego at that point and entered a ruling without prejudice to the filing of a proper proceeding to establish alter ego in the subsequent proceeding.

8. Further, although Objectors recognize and respect the Court's prior ruling that the Trustee is not required to comply with 11 U.S.C. §363 and Fed.R.Bankr.P. 6004 in respect of sales by the Trustee of Falcon stock, Objectors respectfully re-advance their arguments previously overruled by the Court solely for the purpose of preserving those arguments and not waiving them.

WHEREFORE, for all of the foregoing reasons, Objectors respectfully urge the Court to deny the relief sought in the Trustee's Motion. Objectors further request a hearing on the Trustee's Motion. Finally, the Objectors pray that this Court grant them such other and further relief to which they may be entitled under the prevailing circumstances.

Dated: April 17, 2019.

                MERRICK SHANER & BERNSTEIN, LLC

                By: */s/ Glenn W. Merrick*
                    Glenn W. Merrick
                    6300 South Syracuse Way, Suite 220
                    Centennial, Colorado 80111
                    Telephone: (303) 831-9400
                    Facsimile: (303) 771-5803
                    E-mail: gwm@msbfirm.com

                *ATTORNEYS FOR OBJECTORS*

**CERTIFICATE OF SERVICE**

The undersigned certifies that on April 17, 2019, a true and correct copy of the foregoing OBJECTIONS TO TRUSTEE'S MOTION FOR ORDER APPROVING RELEASE AND DELIVERY OF FALCON STOCK CERTIFICATAE TO TRUSTEE'S CUSTODY AND REQUEST FOR HEARING THEREON was served upon the Trustee, the Debtor and other parties in interest by placing the same in the custody of the U.S. Postal Service, postage prepaid, and electronically by e-mail, as follows:

Charles S. Kelley, Esq.
Mayer Brown, LLP
700 Louisiana Street, Suite 3400
Houston, Texas  77002
ckelley@mayerbrown.com

Lee M. Kutter, Esq.
Jennifer Fujii, Esq.
Kutner Brinen, P.C.
1660 Lincoln Street, Suite 1850
Denver, Colorado  80264
lmk@kutnerlaw.com
jmf@kutnerlaw.com

Lance Henry, Esq.
Patrick D. Vellone, Esq.
James Helfrich, Esq.
Allen Vellone Wolf Helfrich & Factor, P.C.
1600 Stout Street, Suite 1100
Denver, Colorado  80202
lhenry@allen-vellone.com
pvellone@allen-vellone.com
jhelfrich@allen-vellone.com

Jeffrey A. Weinman, Esq.
Weinman & Associates, P.C.
730 Seventeenth Street, Suite 240
Denver, Colorado  80202
jweinmantrustee@outlook.com

Alice A. White, Esq.
Onsager Fletcher Johnson, LLC
1801 Broadway, Suite 900
Denver, Colorado  80202
awhite@ofjlaw.com

Matthew D. Skeen, Jr., Esq.
217 E. 7th Avenue
Denver, Colorado 80203
jrskeen@skeen-skeen.com

Office of the United States Trustee
1961 Stout Street, Suite 12-200
Denver, Colorado 80294

Jeffrey L. Hill
11911 N. Hwy. 83, Ste. 207
Parker, CO 80134
jeffreyhillpc@gmail.com

Matthew A. Gold, Esq.
Argo Partners
12 West 37th St., 9th Fl.
New York, NY 10018
matthew@argopartners.net

John J. Kane, Esq.
1601 Elm St., Ste. 3700
Dallas, TX 75201
jkane@krcl.com

Barry Meinster, Esq.
28365 Little Bighorn Dr.
Evergreen, CO 80439
bmeinster@meinster.com

/s/ Joseph T. Bernstein
Joseph T. Bernstein